T.C. Summary Opinion 2005-177

UNITED STATES TAX COURT

JUSTIN W. ELLIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16393-04S.          Filed December 1, 2005.

Justin W. Ellis, pro se.

<u>Caroline R. Krivacka</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time that the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
all section references are to the Internal Revenue Code in effect

for the year in issue, and all Rule references are to the Tax

Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,609 in petitioner's

Federal income tax for 2002. The issue for decision is whether

petitioner received $11,628 of income from cancellation of

indebtedness owed to General Motors Acceptance Corp. (GMAC).

## Background

The undisputed facts, as stated by petitioner, are as

follows:

> The Petitioner incurred an obligation to General
> Motors Acceptance Corporation (hereinafter "GMAC") in
> the original amount of $14,435.99, in conjunction with
> the acquisition of a 2001 Saturn SL1 vehicle from
> Saturn of Knoxville on April 28, 2001. This obligation
> was payable through 39 monthly payments of $367.41,
> beginning April 28, 2001. The Petitioner failed to pay
> the monthly payments in accordance with this contract,
> and the General Motors Acceptance Corporation declared
> the obligation in default and repossessed the vehicle.
> The vehicle was then sold, and the deficiency
> obligation then remaining and due and owing General
> Motors Acceptance Corporation was $11,628.77. Demand
> was made upon the Petitioner for payment of this
> deficiency obligation by letter from GMAC dated
> December 21, 2001.  * * *

It is also undisputed that GMAC sent a Form 1099-C, Cancellation

of Debt, to petitioner and to the Internal Revenue Service in

2002, reporting that petitioner received cancellation of

indebtedness income in 2002 in the amount of $11,628. Petitioner

contends that GMAC never released, canceled, nor discharged his

obligation and that the Form 1099-C was erroneous.

By notice served May 11, 2005, this case was set for trial in Knoxville, Tennessee, on October 17, 2005. On July 19, 2005, respondent filed a Motion for Summary Judgment and a Memorandum in Support of Motion for Summary Judgment. Attached to the memorandum were records of GMAC concerning petitioner's account with GMAC. Those records of GMAC include correspondence sent to GMAC by petitioner in response to GMAC's demand on him dated December 21, 2001. For example, by document dated February 12, 2002, petitioner made a "good faith Offer to pay off in full the alleged debt to GMAC." Petitioner further demanded "verification" of the debt and contended that the debt would be discharged if GMAC did not comply with petitioner's demands. In a document dated April 1, 2002, petitioner claimed that, by reason of GMAC's alleged default, petitioner's debt "is now fully discharged and that you will not make any credit reporting that adversely affects me without incurring a major commercial liability."

In respondent's Motion for Summary Judgment, respondent asserts:

> 8. The exhibits to the respondent's memorandum of law show plainly that the petitioner, in his correspondence with GMAC, has taken the position that the debt was cancelled. There is no dispute as to the fact that GMAC cancelled a debt in 2002 and the petitioner has failed to raise any exceptions to the taxability of the cancelled debt.

Respondent's motion was set for the time previously set for trial of the case. When the case was called for trial, petitioner was not prepared to present any evidence and requested a continuance. Petitioner's motion for continuance was denied, but he was allowed 30 days to respond to respondent's Motion for Summary Judgment. In Petitioner's Response to Motion for Summary Judgment, he asserts the facts quoted above but does not address his prior communications to GMAC in which he claimed that the debt was discharged. Petitioner does not suggest, and GMAC's records do not show, that any attempt by GMAC to collect the sums due from petitioner was made at any time after petitioner's correspondence to GMAC.

## Discussion

Summary judgment is appropriate where there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b). Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Petitioner was not ready for trial when his case was called, and the next session in Knoxville would not be anticipated for another year. In any event, petitioner has not identified any facts or evidence that would be presented at trial to controvert the undisputed facts already in the record. See Rule 121(d), providing, in pertinent part, that a response "must

set forth specific facts showing that there is a genuine issue for trial." Petitioner's opposition to the Motion for Summary Judgment argues that he is entitled to a ruling as a matter of law. We conclude that the material facts are not disputed and that judgment may be rendered as a matter of law.

Section 61(a)(12) specifically identifies cancellation of indebtedness as an item includable in gross income. In Cozzi v. Commissioner, 88 T.C. 435, 445 (1987), the Court stated:

> The general theory is that to the extent that a taxpayer has been released from indebtedness, he has realized an accession to income because the cancellation effects a freeing of assets previously offset by the liability arising from such indebtedness. United States v. Kirby Lumber Co., 284 U.S. 1 (1931). Whether a debt has been discharged is dependent on the substance of the transactions. Mere formalisms arranged by the parties are not binding in the application of the tax laws. Commissioner v. Court Holding Co., 324 U.S. 331 (1945). Consequently, the surrender or failure to surrender a note is not determinative of the release of liability. Seay v. Commissioner, T.C. Memo. 1974-305.
>
> The moment it becomes clear that a debt will never have to be paid, such debt must be viewed as having been discharged. The test for determining such moment requires a practical assessment of the facts and circumstances relating to the likelihood of payment. * * * Any "identifiable event" which fixes the loss with certainty may be taken into consideration. United States v. S.S. White Dental Mfg. Co., 274 U.S. 398 (1927).

Notwithstanding the arguments he made in his correspondence with GMAC, petitioner now argues that GMAC did not execute a formal release in writing or otherwise indicate its intent to release and discharge petitioner. Sending the Form 1099-C, however, is

evidence that GMAC did not intend to pursue collection of petitioner's debt.  This evidence is corroborated by cessation of collection activities in 2002.  Our practical assessment of the facts and circumstances is that the debt will never have to be paid and has been discharged.  Respondent's Motion for Summary Judgment will be granted.

An appropriate order and decision will be entered.